**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL OVERBY,

       *Petitioner,*

    v.

BERNADETTE MASON, et al.,

       *Respondents.*

CIVIL ACTION
NO. 25-3332

Pappert, J.                                                                          January 6, 2026

### MEMORANDUM

Michael Overby moves to stay his federal *habeas* proceedings and hold his petition in abeyance while he exhausts his claims in state court.[1]  The Court grants his motion.

I

In 1994, the Commonwealth of Pennsylvania charged Michael Overby, Dwayne Elliott and Isaac Young with first-degree murder, robbery and conspiracy in the killing of Lillian Gaines.  (Br. in Supp. of Mot. to Stay ¶ 2, Dkt. No. 13); (CCP Dkt. at 2, 8.)  A jury convicted Overby in 1995 of robbery and conspiracy but could not reach a verdict on the murder charge.  (*Id.*)  The Commonwealth tried Overby again for murder in 1996, and a jury convicted and sentenced him to death in 1998.  (*Id.*); (CCP Dkt. at 9).

---

[1]    Docket sheets on Overby's state court record are available through the Pennsylvania Judiciary Web Portal.  *See The Unified Judicial System of Pennsylvania Web Portal,* https://ujsportal.pacourts.us.  Overby's docket sheet in the Court of Common Pleas of Philadelphia County is No. CP-51-CR-0105802-1995 [hereinafter CCP Dkt.], and in the Superior Court of Pennsylvania is Nos. 1658 EDA 2025 [hereinafter First App. Dkt.] and 1777 EDA 2025 [hereinafter Second App. Dkt.].

Overby appealed to the Supreme Court of Pennsylvania which in 2002 vacated his conviction and remanded for a new trial because the Commonwealth violated his Sixth Amendment rights.  (*Id.*); *Commonwealth v. Overby*, 809 A.2d 295, 297 (Pa. 2002) (citing *Bruton v. United States*, 391 U.S. 123, 136 (1968)). In October of 2006, the Commonwealth tried Overby a third time, and the jury again could not reach a verdict. (Br. in Supp. of Mot. to Stay ¶ 2); (CCP Dkt. at. 9.)  The Commonwealth tried Overby once more in February of 2007, and this time a jury convicted him of first-degree murder, robbery, and conspiracy[2] and sentenced him to life imprisonment.  (Br. in Supp. of Mot. to Stay ¶ 2); (CCP Dkt. at. 9–10.)

Overby appealed his conviction, which the Superior Court of Pennsylvania rejected in January of 2008, *see* (CCP Dkt. at 19), and the Supreme Court of Pennsylvania denied his petition for an allowance of appeal on June 30, 2009, *see* (*Id.* ¶ 3); (CCP Dkt. at 20).  Overby filed a Pennsylvania Post-Conviction Relief Act petition in the Philadelphia County Court of Common Pleas on December 15, 2009, *see* (CCP Dkt. at 20), and litigated that petition for over fifteen years until Judge Scott DiClaudio dismissed it on June 10, 2025, *see* (*Id.* at 20–32).  Overby filed notices of appeal on June 24 and July 8.  (First App. Dkt. at 2); (Second App. Dkt. at 2.)

Overby meanwhile filed a federal *habeas* petition in which he alleged among other things:

- Trial counsel failed to object to inadmissible testimony that co-defendant Young slapped Gaines a week before her murder.

- Trial counsel failed to effectively litigate inconsistencies related to Gaines's manner and time of death.

---

[2]    Charges of theft and receiving stolen property were *noelle prossed*.  *See* (CCP Dkt. at 10).

- The Commonwealth withheld potentially exculpatory evidence related to Gaines's whereabouts on the night of her murder, forensic reports on Gaines's time of death, and photographs from the crime scene.

- PCRA counsel failed to pursue claims related to *Brady* violations during his fourth trial.

*See* (Pet. at 22–33, Dkt. No. 1).  The Court referred this matter to Magistrate Judge Lynne Sitarski, (Dkt. No. 4), who recommended on August 12, 2025 the Court dismiss Overby's petition without prejudice because he had not exhausted his claims, *see* (R. & R. at 5, Dkt. No. 5).

On October 7, 2025, Overby's state court counsel filed a statement of appeal alleging that Overby's fourth trial included inadmissible evidence and that his trial counsel was ineffective.  *See* (Br. in Supp. of Mot. to Stay ¶ 5).  Those claims are pending before the Superior Court.  (*Id.*); (Second App. Dkt. at 2.)  That same day, the Court approved and adopted Judge Sitarski's Report and Recommendation in part, finding Overby failed to exhaust his state court remedies.  (Oct. 7, 2025 Order ¶ 1 & n.1, Dkt. No. 8.)  But the Court granted Overby's motion to appoint the Federal Community Defender Office for the Eastern District of Pennsylvania as counsel, (*Id.* ¶ 2), and postponed deciding on whether to dismiss Overby's petition without prejudice or stay his federal *habeas* proceedings until his counsel briefed the issue, (*Id.* ¶ 1 n.1 ).  His counsel did so on November 26.  (Dkt. No. 13.)[3]

II

Before a federal court can entertain a federal *habeas* petition, the petitioner must exhaust all claims in state court they wish to present to the district court.  *See* 28

---

[3]    The Superior Court on November 25, 2025 remitted Overby's first PCRA appeal back to the Court of Common Pleas.  *See* (First App. Dkt. at 3).

U.S.C. § 2254(b)(1); *Heleva v. Brooks*, 581 F.3d 187, 189–90 (3d Cir. 2009).  Otherwise,

a district court must generally dismiss the petition without prejudice.  *See Heleva*, 581

F.3d at 190 (citing *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)).

But a district court may instead stay the petition and hold it in abeyance while

the petitioner exhausts his unexhausted claims in state court.  *Id.* (citing *Rhines v.*

*Weber*, 544 U.S. 269, 275 (2005)).  Doing so is "only appropriate" when a petitioner

shows (1) "good cause for his failure to exhaust" the claims in the federal petition that

were not yet exhausted, (2) the unexhausted claims are "potentially meritorious"[4] and

(3) "there is no indication that the petitioner engaged in intentionally dilatory litigation

tactics." *Rhines*, 544 U.S. at 278; *Heleva*, 581 F.3d at 190–92.

A

Overby concedes his federal petition presents some unexhausted claims[5] but

contends he has good cause because dismissing his petition might jeopardize his ability

to timely refile, *see* (Br. in Supp. of Mot. ¶ 14), and his counsel does not have the

complete record in his trials or appeals, *see* (*Id.* ¶ 11 n.3).

"Neither the Supreme Court nor the Third Circuit has defined what constitutes

'good cause' within the stay and abey context." *Swan v. Coupe,* No. 11-847, 967 F.

Supp. 2d 1008, 1012 (D. Del. 2013) (citing *Heleva,* 581 F.3d at 192 n.3).  Courts have

---

[4]    Overby contends this factor requires his claims not be "plainly meritless," (Br. in Supp. of
Mot. to Stay ¶¶ 9, 14); *see, e.g.*, *Rivera v. Att'y Gen.*, No. 24-cv-7079, 2025 WL 1379275, at *3 (D.N.J.
May 13, 2025) (same); *Bishop v. McGinley*, No. 19-1461, 2021 WL 2950078, at *6 (E.D. Pa. July 14,
2021) (same), but that's not so, *see Rhines* 544 U.S. at 270 (requiring that unexhausted claims be
"potentially meritorious"); *Heleva*, 581 F.3d at 190–92 (same); *Randall v. Superintendent Mahanoy
SCI*, 835 F. App'x 675, 677 (3d Cir. 2020) (same).

[5]    One of Overby's PCRA appeals is still pending.  *See* (Second App. Dkt. at 1–2).  Overby's
counsel also asserts he has exhausted claims concerning the Commonwealth improperly withholding
evidence.  *See* (Br. in Supp. of Mot. to Stay ¶ 11).

found good cause where a stay would ensure the timeliness of a petitioner's collateral attack in federal court, *see, e.g.*, *Randall*, 835 F. App'x at 677; *Heleva*, 581 F.3d at 192–93, and allow the petitioner to review the complete state court record, *see, e.g.*, *Gibison v. Kerestas*, No. 23-cv-0200, 2014 WL 1652200 (E.D. Pa. Apr. 24, 2014), *adopting R. & R.*, at *4 (E.D. Pa. Apr. 4, 2014).

A stay would accomplish both.  First, the Antiterrorism and Effective Death Penalty Act provides a one-year statute of limitations for filing a § 2254 petition once a defendant has completed his direct appeal process in state court.  *See* 28 U.S.C. § 2255(d)(1); *Heleva*, 581 F.3d at 190–91.  That time runs from when the Supreme Court of Pennsylvania denied Overby's petition for allowance of appeal on June 30, 2009.  (CCP Dkt. at 20); *Heleva*, 581 F.3d at 191.  Although Overby tolled the statute of limitations by filing a PCRA petition, *see* 28 U.S.C. § 2255(d)(2); *Heleva* 581 F.3d at 191, he did so on December 15, 2009, *see* (CCP Dkt. at 20).  So Overby will only have six months to refile his petition—and comb through three decades of state court records— after the Superior Court decides his PCRA appeal.  *See Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) ("[W]hen an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."); *Salas v. Warren*, No. 11-5154, 2012 WL 2087733, at *2 n.4 (D.N.J. June 8, 2012) ("[I]n a gray-area scenario, the court should grant a *habeas* litigant the benefit of the doubt.").

Second, Overby does not currently possess his complete state court record.  In the absence of that record, neither counsel nor the Court can determine the full extent of Overby's claims or which claims are exhausted.  *Cf. Gibison*, 2014 WL 1652200, at *4. Staying Overby's petition would provide Pennsylvania courts a first pass at his claims.

*See Heleva*, 581 F.3d at 190 (noting that one of AEDPA's purposes is to "favor[] the

resolution of *habeas* claims in state court, if possible, before resorting to federal

review"); *Rhines*, 544 U.S. at 276 (holding that a stay is appropriate when it is

"compatible with AEDPA's purposes").

## B

Overby next argues at least one of his unexhausted claims—ineffective

assistance of counsel—is potentially meritorious.[6]  *See* (Br. in Supp. of Mot. to Stay

¶¶ 15–21).  Courts have found claims potentially meritorious even absent record

evidence where the allegations, if true, could amount to a constitutional violation.  *See,

e.g.*, *Mobley v. Coleman*, No. 09-1558, 2010 WL 5206380, at \*4 (E.D. Pa. Jan. 28, 2010);

*Green v. Folino*, No. 03-674, 2006 WL 2092575, at \*7 (E.D. Pa. July 26, 2006).

Overby alleges his trial counsel failed to investigate or litigate the time Gaines

died.  (*Id.* ¶ 17.)  Dr. Fredric Hellman, the medical examiner in this case, placed

Gaines's time of death between 12:00 and 3:00 a.m., yet the Commonwealth's "star

witnesses" testified they saw Gaines alive and arguing with Overby at 6:00 a.m.  (*Id.*

¶ 18.)  Overby's trial counsel never litigated this discrepancy.  (*Id.* ¶ 18–21.)

Federal *habeas* relief is available where, absent counsel's deficient conduct, there

is a reasonable probability of a different outcome.  *See Strickland v. Washington*, 466

U.S. 668, 694 (1984).  Such claims turn on "attorney error during the course of a legal

proceeding," *see Lee v. United States*, 582 U.S. 357, 364 (2017), but Overby's current

---

[6]    Overby's other unexhausted claim relates to inadmissible evidence during his fourth trial, *see*
(Br. in Supp. of Mot. to Stay ¶ 11), but "state law violations provide no basis for federal *habeas*
relief," *see Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) (citation modified); *see also Dixon v. Baker*,
847 F.3d 714, 722 (9th Cir. 2017) (requiring at least one of the petitioner's unexhausted claims to be
potentially meritorious to obtain a stay under *Rhines*).

counsel does not have a complete record of Overby's legal proceedings since his first trial in 1995, *see* (Br. in Supp. of Mot. to Stay ¶¶ 7, 11 n.3, 14).  Without that information, the Court is "unwilling to conclude that his unexhausted claim has no potential merit."  *See Mobley*, 2010 WL 5206380, at *4 (citation modified).

C

Finally, Overby filed his PCRA petition six months after the Supreme Court of Pennsylvania denied his petition for an allowance of appeal, *see* (CCP Dkt. at 20), and has litigated those claims for over fifteen years, *see* (*Id.* at 11–32); (First App. Dkt. at 2); (Second App. Dkt. at 2), with "eight different state court attorneys," *see* (Br. in Supp. of Mot. to Stay ¶ 3).  And Overby filed his federal *habeas* petition a few weeks after the Court of Common Pleas rejected his PCRA petition.  *See* (CCP Dkt. at 31–32).  That conduct is far from intentionally dilatory.  *See Randall*, 835 F. App'x at 677.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.
